IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRANDON THAGGARD**                                                                                **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 1:24-cv-137-TBM-RPM**

**TREELINE SERVICES, LLC;**
**ANTHONY JONES;**
**MICHAEL BUCHANAN;** *and*
**RISHA BUCHANAN**                                                        **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Brandon Thaggard filed this Title VII action on May 8, 2024, alleging discrimination on the basis of sexual orientation against his former employer, Treeline Services, LLC. Thaggard also sued Anthony Jones, Michael Buchanan, and Risha Buchanan, who he alleges are owners and officers of Treeline Services. On September 20, 2024, United States Magistrate Judge Robert P. Myers entered an Order to Show Cause [2] regarding Thaggard's failure to serve process on the Defendants under Federal Rule of Civil Procedure 4(m). The Order required Thaggard to show cause by October 4, 2024, why his suit should not be dismissed for failure to timely serve process. [2], pg. 2.

Thaggard, who is represented by counsel, responded to the Show Cause Order on October 3, 2024, and stated that he had not served the Defendants because he had been unable to locate Jones. [3], pg. 1. Thaggard also requested an extension of time to serve the remaining Defendants. *Id.* On October 8, 2024, Judge Myers entered an Order [4] granting Thaggard's request and ordered service of process to be completed by December 6, 2024. After Thaggard did not serve any of the Defendants by that date, Judge Myers entered a Second Order to Show Cause [5] on January 10, 2025. It required Thaggard to show cause by January 24, 2025, as to why the suit should

not be dismissed for failure to timely serve process. [5], pg. 2. Thaggard did not respond to the Second Show Cause Order, and all Defendants remain unserved—nine months after this lawsuit was filed. In fact, the only items filed by Thaggard in this case are his Complaint [1] and his Response [3] to the first Show Cause Order. Additionally, Thaggard has not contacted the Court about his case since filing the Response on October 3, 2024, four months ago. Therefore, the Court dismisses this case without prejudice, for the reasons stated more fully below.

## I. DISCUSSION

The Court finds that it has two independent grounds under the Federal Rules of Civil Procedure to enter a without prejudice dismissal. First, Thaggard has failed to comply with Rule 4(m) by not serving process on the Defendants. Second, Thaggard has failed to prosecute his case and obey a Court Order under Rule 41(b) by not showing any cause as to why the Defendants have not been served. The Court will discuss each issue in turn.

**A. Failure to serve process**

"[S]ervice of process must occur in accordance with Federal Rule of Civil Procedure 4." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Under the Federal Rules, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Rule 4(m) requires service of process within 90 days after a complaint is filed. FED. R. CIV. P. 4(m). And if a plaintiff does not serve process on a defendant within 90 days, then a court "on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*; *see Copeland v. EMC Mortg. LLC*, No. 1:16-cv-159, 2016 WL 7634455, at *5 (S.D. Miss. Dec. 21, 2016).

Here, Thaggard filed suit on May 8, 2024. He had 90 days to serve process, which ran on August 6, 2024. But since suing these Defendants nine months ago, Thaggard has not filed a proof of service with this Court as required by Rule 4(l)(1). FED R. CIV. P. 4(l)(1) After requesting an extension of time to effect service in his Response [3] to the first Show Cause Order, Thaggard did not request any additional extensions of time to serve the Defendants. To be sure, it was Thaggard's responsibility to both serve the Defendants and provide proof of such service to this Court. *See* FED. R. CIV. P. 4(l)(1); 4(m). Because he has failed to meet those responsibilities, the Court exercises its authority under Rule 4(m) to dismiss this action without prejudice.

**B. Failure to prosecute and comply with a Court Order**

Under Rule 41(b), the Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute and obey a Court order. FED. R. CIV. P. 41(b); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("District courts may. . . dismiss cases *sua sponte* [and] *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case.") (internal citation omitted); *Connely v. City of Pascagoula*, No. 1:11-cv-293-HSO, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, in a manner to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). Such a "sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.*

The Fifth Circuit has held that Rule 41(b) dismissals may be with or without prejudice, but "[l]esser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice[.]" *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).[1] Because Thaggard has not responded to the Court's Second Order to Show Cause [5], served process on the Defendants, or otherwise prosecuted his case, the Court also finds, in the alternative, that dismissal without prejudice is warranted under Rule 41(b).

To be sure, Thaggard was aware of his obligation to respond to the Court's Second Order to Show Cause [5], as evidenced by his Response [3] to the first Show Cause Order [2]. To date, Thaggard has not complied with the Court's Order, as no response has been filed. Nor has Thaggard satisfied his obligation to serve process in accordance with Rule 4(m), despite being warned first in the Court's Order to Show Cause [2], then in the Order [4] extending Thaggard's time to serve process, and again in the Second Order to Show Cause [5]. Nine months after filing suit, all defendants have yet to be served. Thus, Thaggard demonstrates his lack of interest in prosecuting his case, even after initially requesting an extension of time to serve the Defendants. [3].

In sum, Thaggard has failed to furnish this Court with proof of service or respond to the Court's Second Show Cause Order. And he has shown no cause—much less good cause—that would warrant another extension of time to serve the Defendants at this date. *See* Fed. R. Civ. P. 4(m). Moreover, in not responding to the Second Order to Show Cause, Thaggard has failed to prosecute his case and has not complied with a Court Order. Accordingly, the Court finds that this

---

[1] Dismissal with prejudice is appropriate only when there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). At this stage, the facts of this case do not warrant a with prejudicial dismissal.

4

lawsuit should be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) for failure to timely serve the Defendants, failure to prosecute, and failure to obey a Court Order.

## II. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff Brandon Thaggard's claims against Treeline Services, LLC, Anthony Jones, Michael Buchanan, and Risha Buchanan are DISMISSED WITHOUT PREJUDICE for failure to timely serve the Defendants, failure to prosecute, and failure to comply with a Court Order.

THIS, the 18th day of February, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE